UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JENNIFER WALLING,<br><br>Plaintiff,<br><br>vs.<br><br>AGA MEDICAL HOLDINGS, INC., dba AGA MEDICAL CORPORATION, a Delaware corporation, DOES 1 to 20, inclusive and each of them,<br><br>Defendants. | Case No: C 10-05247 SBA<br><br>**ORDER**<br><br>Docket 9 |

Plaintiff Jennifer Walling ("Plaintiff") filed an employment action in state court, which Defendant AGA Medical Holdings, Inc., dba AGA Medical Corporation, ("Defendant") removed based on diversity jurisdiction, 28 U.S.C. § 1332. The parties are presently before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Quash Service of Summons. (Docket 9.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's motion to quash and DENIES without prejudice Defendant's motion to dismiss as moot. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL SUMMARY

On March 5, 2007, Plaintiff, a resident of California, signed an employment contract with AGA Medical Corporation. (Docket 20, Ex. A; Docket 25, Ex. A ¶1.) The employment contract states: "AGA Medical Corporation means AGA Medical Corporation and any subsidiary or affiliated corporations and the operating divisions of any of them." (Docket 20-1, Ex. A.) Consistent with the definition that "AGA Medical Corporation" means any of its subsidiaries, on March 6, 2007, Plaintiff signed an offer letter of employment with a subsidiary of AGA Medical Corporation, Amplatzer Medical Corporation ("Amplatzer"). (Docket 9, Rother Decl.; Docket 23-2, Ex. A; Docket 25, Ex. A.) Pursuant to her employment contract, Plaintiff was a sales representative selling medical equipment and products in California. (Docket 20 ¶ 2, Exs. A&B.)

Despite signing the offer letter of employment with Amplatzer, during her employment, Plaintiff submitted her expense reports to AGA Medical Corporation. (Docket 20 ¶¶ 2-3.) On August 10, 2010, Plaintiff's employment was terminated. (Docket 25, Ex. A ¶ 6.) At that time, Plaintiff was accused of submitting fraudulent expense reports. Id. Therefore, AGA Medical Corporation Human Resource Director Jody O'Neil ("HR Director O'Neil" or "O'Neil") deducted amounts from Plaintiff's earnings attributable to the allegedly fraudulent expense reports, sending letters with regard to the accusations and deductions to Plaintiff's San Francisco address. (Id.; Docket 20-2, Ex. B.)

## B. PROCEDURAL HISTORY

On October 12, 2010, Plaintiff filed the instant action to recover the amounts deducted from her earnings, as well as damages, in the Superior Court of the State of California, County of San Francisco. (Docket 25, Ex. A.) Although Plaintiff signed the employment contract with AGA Medical Corporation and an employment offer letter with Amplatzer, Plaintiff did not name these entities as defendants in her suit. (Docket 20, Ex. A; Docket 25, Ex. A.) Instead, Plaintiff names AGA Medical Holdings, Inc. as the defendant-employer, claiming this entity was doing business as AGA Medical Corporation.

1  (Docket 25, Ex. A ¶2.) Plaintiff alleges causes of action for: (1) failure to reimburse
2  expenses in violation of California Labor Code § 2802; (2) making unlawful deductions in
3  violation of California Labor Code §§ 221 and 224; (3) engaging in unlawful and unfair
4  business practices in violation of California's Unfair Competition Law, California Business
5  and Professions Code § 17200; and (4) engaging in defamation. (Id.)

6  On October 20, 2010, a paralegal at AGA Medical Corporation's headquarters in
7  Minnesota accepted a hand delivered copy of Plaintiff's complaint. (Docket 9, Rother
8  Decl. ¶ 8.) On November 18, 2010, Defendant removed the action to this Court based on
9  diversity jurisdiction, 28 U.S.C. § 1332. (Docket 1.)

10  On November 29, 2010, Defendant filed a motion to dismiss for lack of personal
11  jurisdiction, as well as to quash services of process. (Docket 9.) Defendant maintains that
12  it never employed Plaintiff and it has no contacts in California, and therefore the Court does
13  not have personal jurisdiction over it. (Id., Rother Decl.; Docket 23, Ex. A; Docket 25, Ex.
14  A.) As to its motion to quash the summons, Defendant contends that AGA Medical
15  Corporation's paralegal had no authority to accept service of process on its behalf. (Id.)

16  On February 13, 2011, Plaintiff opposed Defendant's motions. (Docket 19.) With
17  regard to Defendant's motion to quash, Plaintiff asserts that the paralegal who accepted
18  service represented that she had the authority to do so, and therefore service was proper.
19  (Id.) On the personal jurisdiction issue, Plaintiff opposes Defendant's contacts arguments,
20  and, alternatively requests that she be able to conduct jurisdictional discovery to obtain
21  evidence that the Court has personal jurisdiction over Defendant. (Docket 19.)

22  **II. DISCUSSION**

23  **A. LEGAL STANDARD**

24  When an action is removed after service of process, the sufficiency of that service is
25  determined under state law. Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993),
26  overruled on other grounds, Cal. Dep't of Water Resources v. Powerex Corp., 533 F.3d
27  1087, 1091 (9th Cir. 2008). Under California Code of Civil Procedure § 416.10(b), service
28  of process may be accepted on behalf of a corporation by specified corporate officers, as

well as persons authorized by the corporation to receive service of process.  Where the validity of service of process on a foreign corporation is challenged by a motion to quash, plaintiff has the burden of proving that service was proper.  General Motors Corp. v. Sup. Ct., 15 Cal.App.3d 81, 85 (1971).

### B. ANALYSIS

Defendant seeks to quash Plaintiff's service of process.  Plaintiff contends service was proper because she served a person authorized to receive service under section 416.10(b).

Plaintiff served a paralegal in AGA Medical Corporation's Minnesota headquarters with the complaint.  Plaintiff has presented no evidence that Defendant authorized a paralegal of AGA Medical Corporation to accept service of process on its behalf.  Plaintiff does present declaration testimony from her attorney that the paralegal represented that she was authorized to accept service.  However, this evidence is inadequate to show the paralegal was actually authorized by Defendant to receive service for Defendant.  General Motors Corp., 15 Cal.App.3d at 86, is illustrative of this point.

In General Motors, a secretary employed by the defendant-corporation had represented that a particular corporate officer was authorized to accept service when the corporation had not authorized the officer to do so.  Id.  Plaintiff served the officer indicated by the secretary, and, when defendant sought to quash the summons, argued that the secretary's representation precluded the defendant from quashing the summons.  The court disagreed, finding the defendant had not authorized the officer to receive service and the secretary's representation could not change that fact.  Id.  The court found that, to hold that the defendant-corporation is estopped from denying the corporate officer's lack of authority to receive service based on an employee's representation "would be to vest every employee, regardless of rank, in a large corporation with the power to invalidate the statute[, thereby] rewarding slothful counsel."  Id.  Thus, the court granted the motion to quash summons.  Id.

As in <u>General Motors</u>, Plaintiff has failed to show that she served a person authorized by Defendant to accept service on its behalf.  Consequently, the Court GRANTS Defendant's motion to quash.  Now that Plaintiff is in federal court, Plaintiff shall effectuate service of process pursuant to Federal Rule of Civil Procedure 4, as directed below.  Moreover, in light of Plaintiff's insufficient service of process, Defendant is not properly before this Court, and therefore the Court DENIES without prejudice Defendant's motion to dismiss for lack of personal jurisdiction as moot.

### III.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's motion to quash summons is GRANTED.  Plaintiff shall effect service on Defendant within ninety (90) days of the date that this Order is filed.  Upon effectuating service, Plaintiff shall file a certificate of service with the Court forthwith.  Failure to serve Defendant within the specified time-frame will result in the dismissal of the action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

2.   Defendant's motion to dismiss for lack of personal jurisdiction is DENIED without prejudice as moot.

IT IS SO ORDERED.

Dated:  September 26, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge