1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                          OAKLAND DIVISION

9
JENNIFER WALLING,                        Case No:  C 10-05247 SBA
10
              Plaintiff,                  **ORDER**
11
         vs.                              Docket 9
12
AGA MEDICAL HOLDINGS, INC., dba
13  AGA MEDICAL CORPORATION, a
     Delaware corporation, DOES 1 to 20,
14  inclusive and each of them,

15               Defendants.

16

17        Plaintiff Jennifer Walling ("Plaintiff") filed an employment action in state court,

18  which Defendant AGA Medical Holdings, Inc., dba AGA Medical Corporation,

19  ("Defendant") removed based on diversity jurisdiction, 28 U.S.C. § 1332.  The parties are

20  presently before the Court on Defendant's Motion to Dismiss for Lack of Personal

21  Jurisdiction, or Alternatively, to Quash Service of Summons.  (Docket 9.)  Having read and

22  considered the papers filed in connection with this matter and being fully informed, the

23  Court hereby GRANTS Defendant's motion to quash and DENIES without prejudice

24  Defendant's motion to dismiss as moot.  The Court, in its discretion, finds this matter

25  suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-

26  1(b).

27

28

1

## I.   BACKGROUND

2

### A.   FACTUAL SUMMARY

3

On March 5, 2007, Plaintiff, a resident of California, signed an employment contract

4

with AGA Medical Corporation.  (Docket 20, Ex. A; Docket 25, Ex. A ¶1.)  The

5

employment contract states:  "AGA Medical Corporation means AGA Medical Corporation

6

and any subsidiary or affiliated corporations and the operating divisions of any of them."

7

(Docket 20-1, Ex. A.)  Consistent with the definition that "AGA Medical Corporation"

8

means any of its subsidiaries, on March 6, 2007, Plaintiff signed an offer letter of

9

employment with a subsidiary of AGA Medical Corporation, Amplatzer Medical

10

Corporation ("Amplatzer").  (Docket 9, Rother Decl.; Docket 23-2, Ex. A; Docket 25, Ex.

11

A.)  Pursuant to her employment contract, Plaintiff was a sales representative selling

12

medical equipment and products in California.  (Docket 20 ¶ 2, Exs. A&B.)

13

Despite signing the offer letter of employment with Amplatzer, during her

14

employment, Plaintiff submitted her expense reports to AGA Medical Corporation.

15

(Docket 20 ¶¶ 2-3.)  On August 10, 2010, Plaintiff's employment was terminated.  (Docket

16

25, Ex. A ¶ 6.)  At that time, Plaintiff was accused of submitting fraudulent expense

17

reports.  Id.  Therefore, AGA Medical Corporation Human Resource Director Jody O'Neil

18

("HR Director O'Neil" or "O'Neil") deducted amounts from Plaintiff's earnings

19

attributable to the allegedly fraudulent expense reports, sending letters with regard to the

20

accusations and deductions to Plaintiff's San Francisco address.  (Id.; Docket 20-2, Ex. B.)

21

### B.   PROCEDURAL HISTORY

22

On October 12, 2010, Plaintiff filed the instant action to recover the amounts

23

deducted from her earnings, as well as damages, in the Superior Court of the State of

24

California, County of San Francisco.  (Docket 25, Ex. A.)  Although Plaintiff signed the

25

employment contract with AGA Medical Corporation and an employment offer letter with

26

Amplatzer, Plaintiff did not name these entities as defendants in her suit.  (Docket 20, Ex.

27

A; Docket 25, Ex. A.)  Instead, Plaintiff names AGA Medical Holdings, Inc. as the

28

defendant-employer, claiming this entity was doing business as AGA Medical Corporation.

1  (Docket 25, Ex. A ¶2.)  Plaintiff alleges causes of action for:  (1) failure to reimburse

2  expenses in violation of California Labor Code § 2802; (2) making unlawful deductions in

3  violation of California Labor Code §§ 221 and 224; (3) engaging in unlawful and unfair

4  business practices in violation of California's Unfair Competition Law, California Business

5  and Professions Code § 17200; and (4) engaging in defamation.  (Id.)

6        On October 20, 2010, a paralegal at AGA Medical Corporation's headquarters in

7  Minnesota accepted a hand delivered copy of Plaintiff's complaint.  (Docket 9, Rother

8  Decl. ¶ 8.)  On November 18, 2010, Defendant removed the action to this Court based on

9  diversity jurisdiction, 28 U.S.C. § 1332.   (Docket 1.)

10       On November 29, 2010, Defendant filed a motion to dismiss for lack of personal

11  jurisdiction, as well as to quash services of process.  (Docket 9.)  Defendant maintains that

12  it never employed Plaintiff and it has no contacts in California, and therefore the Court does

13  not have personal jurisdiction over it.  (Id., Rother Decl.; Docket 23, Ex. A; Docket 25, Ex.

14  A.)  As to its motion to quash the summons, Defendant contends that AGA Medical

15  Corporation's paralegal had no authority to accept service of process on its behalf.   (Id.)

16       On February 13, 2011, Plaintiff opposed Defendant's motions.  (Docket 19.)  With

17  regard to Defendant's motion to quash, Plaintiff asserts that the paralegal who accepted

18  service represented that she had the authority to do so, and therefore service was proper.

19  (Id.)  On the personal jurisdiction issue, Plaintiff opposes Defendant's contacts arguments,

20  and, alternatively requests that she be able to conduct jurisdictional discovery to obtain

21  evidence that the Court has personal jurisdiction over Defendant.  (Docket 19.)

22  **II.     DISCUSSION**

23       **A.     LEGAL STANDARD**

24       When an action is removed after service of process, the sufficiency of that service is

25  determined under state law.  Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993),

26  overruled on other grounds, Cal. Dep't of Water Resources v. Powerex Corp., 533 F.3d

27  1087, 1091 (9th Cir. 2008).  Under California Code of Civil Procedure § 416.10(b), service

28  of process may be accepted on behalf of a corporation by specified corporate officers, as

1   well as persons authorized by the corporation to receive service of process.   Where the

2   validity of service of process on a foreign corporation is challenged by a motion to quash,

3   plaintiff has the burden of proving that service was proper.  General Motors Corp. v. Sup.

4   Ct., 15 Cal.App.3d 81, 85 (1971).

5   **B.    ANALYSIS**

6       Defendant seeks to quash Plaintiff's service of process.  Plaintiff contends service

7   was proper because she served a person authorized to receive service under section

8   416.10(b).

9       Plaintiff served a paralegal in AGA Medical Corporation's Minnesota headquarters

10  with the complaint.  Plaintiff has presented no evidence that Defendant authorized a

11  paralegal of AGA Medical Corporation to accept service of process on its behalf.  Plaintiff

12  does present declaration testimony from her attorney that the paralegal represented that she

13  was authorized to accept service.  However, this evidence is inadequate to show the

14  paralegal was actually authorized by Defendant to receive service for Defendant.  General

15  Motors Corp., 15 Cal.App.3d at 86, is illustrative of this point.

16      In General Motors, a secretary employed by the defendant-corporation had

17  represented that a particular corporate officer was authorized to accept service when the

18  corporation had not authorized the officer to do so.  Id.  Plaintiff served the officer

19  indicated by the secretary, and, when defendant sought to quash the summons, argued that

20  the secretary's representation precluded the defendant from quashing the summons.  The

21  court disagreed, finding the defendant had not authorized the officer to receive service and

22  the secretary's representation could not change that fact.  Id.  The court found that, to hold

23  that the defendant-corporation is estopped from denying the corporate officer's lack of

24  authority to receive service based on an employee's representation "would be to vest every

25  employee, regardless of rank, in a large corporation with the power to invalidate the

26  statute[, thereby] rewarding slothful counsel."  Id.  Thus, the court granted the motion to

27  quash summons.  Id.

28

1    As in <u>General Motors</u>, Plaintiff has failed to show that she served a person

2 authorized by Defendant to accept service on its behalf.  Consequently, the Court GRANTS

3 Defendant's motion to quash.  Now that Plaintiff is in federal court, Plaintiff shall

4 effectuate service of process pursuant to Federal Rule of Civil Procedure 4, as directed

5 below.  Moreover, in light of Plaintiff's insufficient service of process, Defendant is not

6 properly before this Court, and therefore the Court DENIES without prejudice Defendant's

7 motion to dismiss for lack of personal jurisdiction as moot.

8 **III.    CONCLUSION**

9    For the reasons set forth above,

10    IT IS HEREBY ORDERED THAT:

11    1.    Defendant's motion to quash summons is GRANTED.  Plaintiff shall effect

12 service on Defendant within ninety (90) days of the date that this Order is filed.  Upon

13 effectuating service, Plaintiff shall file a certificate of service with the Court forthwith.

14 Failure to serve Defendant within the specified time-frame will result in the dismissal of the

15 action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

16    2.    Defendant's motion to dismiss for lack of personal jurisdiction is DENIED

17 without prejudice as moot.

18    IT IS SO ORDERED.

19

20

21 Dated:  September 26, 2011

_____

SAUNDRA BROWN ARMSTRONG

22 United States District Judge

23

24

25

26

27

28